## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| MERCHANT & GOULD, P.C., | Civil No. 18-1688 (JRT/DTS) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION & ORDER DENYING MOTION TO DISMISS |
| JOHN STEPHENSON, | |
| Defendant. | |

Daniel W. McDonald, Ryan Borelo, and Emily M. Wessels, **MERCHANT & GOULD P.C.**, 80 South Eighth Street, Suite 3200, Minneapolis, MN 55402; George E. Warner, Jr., **WARNER LAW, LLC,** 1515 Canadian Pacific Plaza, 120 South Sixth Street, Minneapolis, MN 55402, for plaintiff.

Christopher J. Johnston, Kyle J. Hegna, and Morgan W. Kavanaugh, **WILKERSON & HEGNA, PLLP,** 7300 Metro Boulevard, Suite 300, Edina, MN 55439, for defendant.

Plaintiff Merchant & Gould, P.C., ("Merchant") filed this action against Defendant John Stephenson, alleging breach of contract, failure to pay an account stated, and unjust enrichment. Stephenson has moved motion to dismiss the action for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). Because Stephenson has established sufficient minimum contacts with Minnesota and exercising personal jurisdiction over him would not be unreasonable, the Court will deny the motion.

1

**BACKGROUND**

This case involves a dispute over unpaid legal fees allegedly owed by Stephenson to Merchant. Merchant is a Minnesota-based and registered law firm with offices in Minneapolis and seven other locations nationwide. (Notice of Removal ¶ 3, Ex. 1 at 4-8 ("Compl.") ¶ 1, June 19, 2018, Docket No. 1-1; Decl. of John Stephenson ("Stephenson Decl.") ¶ 6, June 26, 2018, Docket No. 4.) Stephenson is an Oklahoma resident and the Founder and LLC Manager of Mega Internet Tournaments, LLC ("Mega"). (Stephenson Decl. ¶ 3; Decl. of Daniel W. McDonald ("McDonald Decl.") ¶ 3, Ex. A at 6, July 17, 2018, Docket No. 17.,)

In July 2011, Stephenson and Merchant entered into a retainer agreement ("Retainer"). (Notice of Removal ¶ 3, Ex. 1 at 18-23 ("Retainer.") at 18.) In the Retainer, which names Stephenson as "the Client," the parties agreed that Merchant would represent Stephenson in a patent infringement matter ("Infringement Matter"). (*Id.*) Pursuant to this agreement, Merchant provided legal services to Stephenson from July 2011 to July 2017. (*See id.*; Notice of Removal ¶ 3, Ex. 1 at 25-26.) Although Merchant filed a lawsuit on Stephenson's behalf in Delaware in May 2012, (McDonald Decl. ¶ 5 & Ex. C), the parties agree that most of Merchant's work on the Infringement Matter was conducted from its Minneapolis office, (Stephenson Decl. ¶¶ 7-8). In addition to directing numerous calls and emails to Merchant's Minneapolis office over the six years Merchant represented him, Stephenson made one in-person visit to Minneapolis to meet with Merchant attorneys in October 2012. (*Id.*)

Stephenson fell behind on his payments to Merchant. (Compl. ¶ 7.) A letter to Stephenson from Merchant indicates that by July 20, 2017, Stephenson owed Merchant $673,460.50 for the legal services Merchant provided him.[1] (Notice of Removal ¶ 3, Ex. 1 at 25-26.) On April 2, 2018, after Stephenson's continued failure to make payments, Merchant commenced this action against him in Hennepin County District Court to collect the balanced owed plus interest. (Compl. ¶¶ 7-11.) Merchant alleged three causes of action: (1) breach of contract pursuant to the Retainer; (2) failure to pay an account stated; and (3) unjust enrichment. (Compl. ¶¶ 12-23.) Merchant also reserved the right to add additional claims and sought costs and attorney fees. (Compl. ¶¶ 24-29.) Stephenson removed the case to this Court on June 19, 2018. (Notice of Removal.) On June 26, 2018, Stephenson filed a Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). (Mot. to Dismiss, June 26, 2018, Docket No. 3.)

## DISCUSSION

### I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(2) provides that a party may move to dismiss claims for lack of personal jurisdiction. "To defeat a motion to dismiss for lack of personal jurisdiction, the nonmoving party need only make a prima facie showing of jurisdiction." *Epps v. Stewart Info. Servs. Corp.,* 327 F.3d 642, 647 (8th Cir. 2003). "As long as there is 'some evidence upon which a prima facie showing of jurisdiction may be

---

[1] The letter is addressed to "John" (Stephenson), while the attached invoice is addressed to "Mega Internet Tournaments." (*See* Notice of Removal ¶ 3, Ex. 1 at 28-29.)

found to exist,' the Rule 12(b)(2) motion will be denied." *Pope v. Elabo GmbH,* 588 F. Supp. 2d 1008, 1014 (D. Minn. 2008) (quoting *Aaron Ferer & Sons Co. v. Diversified Metals Corp.*, 564 F.2d 1211, 1215 (8th Cir. 1977)). The party seeking to establish personal jurisdiction bears the burden of proof, and "the burden does not shift to the party challenging jurisdiction." *Epps,* 327 F.3d at 647. For purposes of a prima facie showing, the Court must view the evidence in the light most favorable to the non-moving party. *Westley v. Mann,* 896 F. Supp. 2d 775, 786 (D. Minn. 2012).

In this diversity case, the Court may exercise personal jurisdiction over Stephenson if doing so (1) is consistent with the Minnesota state long-arm statute, Minn. Stat. § 543.19, and (2) comports with Due Process. *Pope,* 588 F. Supp. 2d at 1014. Because Minnesota Statute § 543.19 reaches only as far as constitutional Due Process allows, the Court need only consider whether exercising personal jurisdiction over Stephenson is consistent with Due Process. *Id.* at 1015.

The exercise of personal jurisdiction over a defendant is consistent with Due Process if (1) the defendant has made minimum contact with the forum state (2) such that jurisdiction does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. at 316. These two requirements must be examined separately. *Pope*, 588 F.Supp.2d at 1015. If the Court determines that the defendant does not have minimum contacts with the forum state, it need not turn to the second question of reasonableness. *Id.*

The Court must evaluate minimum contacts based on the defendant's conduct – namely whether the defendant "purposefully established 'minimum contacts' in the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *Int'l Shoe Co.*

326 U.S. at 316). Sufficient minimum contacts exist only where a defendant "should reasonably anticipate being haled into court" in the forum state. *Id.* (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). A defendant may reasonably anticipate being haled into court when he "purposefully avails [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id*. at 475 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

The Eighth Circuit considers five factors in making the two-part personal jurisdiction inquiry: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties." *Bell Paper Box, Inc. v. Trans W. Polymers, Inc.*, 53 F.3d 920, 922 (8th Cir. 1995). "The first two factors go primarily to whether minimum contacts exist," while the last two go to reasonableness. *Yellow Brick Road, LLC, v. Childs,* 36 F. Supp. 3d 855, 864 (citing *Pope*, 588 F. Supp. 2d at 1017-18).

## II.  DEFENDANT STEPHENSON'S MOTION TO DISMISS

Merchant does not claim that Minnesota has general personal jurisdiction over Stephenson. Thus, the only issue is whether Minnesota has specific personal jurisdiction over Stephenson with respect to this matter.

### A.  Minimum Contacts

Stephenson's arguments regarding minimum contacts may be summarized in four points: (1) one in-person visit, even when accompanied by numerous emails and phone

calls directed at Merchant's Minneapolis office, is insufficient in quantity to confer personal jurisdiction in Minnesota; (2) because many of his contacts with Merchant revolved around litigation occurring in Delaware, the nature and quality of his contacts with Merchant do not support personal jurisdiction in Minnesota; (3) because fewer than all of his communications with Merchant were directed at Minnesota, jurisdiction is improper; and (4) his contacts with Minnesota have only a slight connection to the present cause of action.

The critical question in a minimum contacts analysis is whether a defendant's contacts with the forum are such that he should be on notice of the possibility of being haled into court there. *Burger King Corp.*, 471 U.S. at 474 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). There is no requirement that a nonresident defendant be physically present in a forum for specific personal jurisdiction to be proper. *See id.* at 476. To the contrary, the Minnesota Supreme Court has held that other forms of contact, including email, may be sufficient when a defendant is "aware of the plaintiff's location or at least [has] reason to believe that the email [will] be received in a particular jurisdiction." *Rilley v. MoneyMutual*, 884 N.W.2d 321, 332 (Minn. 2016).

Here, Stephenson chose to contract with Merchant, a Minnesota law firm. He communicated with attorneys in Minneapolis numerous times over six years, directing his correspondence to Merchant's Minneapolis office and to the email addresses of attorneys based in that office. Stephenson also visited Minneapolis and concedes that most of the work pursuant to the Retainer was conducted there. Stephenson's failure to pay for these services gave rise to the present cause of action. In light of these facts, the Court finds that

6

Stephenson purposely availed himself of the benefits of doing business in Minnesota such that he should have anticipated being haled into court in Minnesota.

### B. Reasonableness

If a defendant seeking to defeat jurisdiction has purposefully directed activities at the forum state, he or she "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp.*, 471 U.S. at 477. Considerations relevant to the reasonableness inquiry include the interest of the state in providing a forum and the convenience of the parties. *Pope*, 588 F. Supp. 2d at 1018.

Stephenson argues that Minnesota lacks an interest in litigating the matter in Minnesota because litigation pursuant to the Infringement Matter took place in Delaware. Stephenson also contends that it would be easier for Merchant to litigate the case elsewhere than it would be for him to litigate the case in Minnesota. However, that Merchant may have the resources to litigate elsewhere does not establish that litigating in Minnesota would be unfair to Stephenson. Moreover, the Court finds that Minnesota has an interest in providing Merchant, as a Minnesota resident, with a forum for this action. *See Burger King Corp.*, 471 U.S. at 473 (citing *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957)) ("A State generally has a 'manifest interest' in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors."). Accordingly, Stephenson has not made a compelling case that jurisdiction in Minnesota with respect to this action is unreasonable.

### C. The Parties to the Retainer

As a final matter, Stephenson argues that Mega was the true party to the Retainer and that he, as Mega's manager, communicated with Merchant only in a representative capacity. Stephenson asserts that his contacts with Merchant must therefore not be considered in assessing whether Minnesota has personal jurisdiction over him in his individual capacity.

The Court finds this argument unconvincing. The language of the Retainer unambiguously names Stephenson as Merchant's client in the Infringement Matter. That invoices were later sent from Merchant to "Mega Tournaments" does not change Stephenson's status as a party to the contract. Consequently, the Court considers Stephenson's contacts with Merchant in their totality and the assessment of minimum contacts is unchanged.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Lack of Jurisdiction [Docket No. 3] is **DENIED.**

DATED: October 10, 2018            _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                JOHN R. TUNHEIM
                                                            Chief Judge
                                         United States District Court