_____

Merchant & Gould, P.C.,          Case No. 18-cv-1688 (JRT/DTS)

       Plaintiff,

v.                              **ORDER**

John Stephenson,

       Defendant.

_____

This is a breach of contract action for nonpayment of legal fees. Plaintiff Merchant & Gould, P.C. (Merchant) moves to amend its complaint to add a new defendant, Leonard Anderson, and three new claims entitled Joint Venture, Joint Enterprise, and Third-Party Beneficiary. Revised Motion, Docket No. 66. Unlike the first proposed amended complaint, the revised version does not seek to add any defendants whose presence would destroy the Court's diversity jurisdiction. Defendant John Stephenson opposes the motion on the basis of futility, stating that Merchant's proposed amended complaint fails to plead facts that support its new legal claims. The Court agrees and denies the motion.

## FACTUAL BACKGROUND

Merchant sued Stephenson in Hennepin County District Court to recover $944,654.40 in unpaid legal bills incurred in connection with patent infringement matters including two lawsuits in which Stephenson was the sole named plaintiff. *See* Compl., Docket No. 1-1; Proposed Am. Compl. (PAC) ¶ 12, Second Chad Decl. Ex. A, Docket

No. 69-1. Stephenson removed the case to this Court alleging federal jurisdiction based on diversity of citizenship. Notice of Removal, Docket No. 1.

On March 14, 2019 Merchant moved to amend its complaint seeking to add additional claims and defendants. Motion to Amend, Docket No. 33. However, its proposed amended complaint did not properly plead the citizenship of several potential additional defendants, whose joinder could have destroyed the Court's diversity jurisdiction. Chad Decl. Ex. A (original proposed amended complaint), Docket No. 37-2. In response to the Court's direction, the parties filed a Joint Statement on April 25, 2019 in which they acknowledged that granting Merchant's then-current motion to amend would destroy complete diversity because three proposed defendants – Mega Internet Tournaments, L.L.C., Internet Tournament Games, Inc., and GoldenCare USA, Inc. – are citizens of Minnesota. Docket No. 56.

On May 13, 2019 the Court found the existing motion to amend would deprive the Court of subject matter jurisdiction and ordered Merchant to inform the Court whether it wanted a ruling on that motion as presented or whether it intended to file a revised motion. Order, Docket No. 64. On May 20, 2019 Merchant filed a revised motion to amend that named Leonard Anderson, a Nevada resident, as the only additional defendant, thereby preserving complete diversity of citizenship. Docket No. 66.

In its revised Proposed Amended Complaint (PAC), Merchant alleges that Stephenson signed a Retainer Agreement dated June 1, 2011 for legal services with Merchant to pursue patent enforcement litigation. PAC ¶ 8-11, Second Chad Decl. Exs. A, B, C, and D, Docket No. 69-1. Stephenson owns the patent and was the sole named plaintiff in the two patent lawsuits. *Id.* ¶¶ 11-12. Merchant asserts that Anderson and

Stephenson were engaged in a joint venture or enterprise to prosecute the patent infringement matters. *Id.* ¶ 15. It alleges Anderson agreed to pay some of Stephenson's legal fees in exchange for a share of any profits from the litigation, and that it was an intended third-party beneficiary of this agreement. *Id.* ¶¶ 16, 47-51. Merchant states that, after being retained by Stephenson, it "began providing legal services at the direction of Defendant John Stephenson and Defendant Leonard Anderson for their benefit." *Id.* ¶ 12.

To support its claims of joint venture, joint enterprise, and third-party beneficiary, Merchant alleges:

> Upon information and belief, both Mr. Stephenson and Mr. Anderson were contributing money, property, time, and/or skill under an express or implied agreement whereby they exercised joint proprietorship and control, and shared or hoped to share profits, in a joint venture or enterprise with respect to the [Retainer] Agreement. Defendants' intent to share profits is demonstrated by an email from Defendant Stephenson from Defendant Anderson on July 13, 2011. This email, produced by Defendant Stephenson, provides for Defendant Anderson to share in the revenues of Defendants' efforts to enforce the '237 patent.

> Defendants, individually and collectively, have disregarded any distinctions between them and commingled their funds as relevant to the payment of services under the [Retainer] Agreement. For example, Mr. Stephenson acted as the sole owner of the '237 patent in all pertinent Patent Office proceedings and as the sole individual plaintiff in the litigations. Despite this, Mr. Anderson, individually or as CEO of GoldenCare USA, Inc., at various times, treated invoices submitted by [Merchant] under the [Retainer] Agreement as his own, having paid the invoices by check directly to [Merchant] (and in many cases referenced the invoice numbers on the checks). Moreover, Mr. Stephenson and Mr. Anderson both participated in decisions relating to litigation strategy in connection with the '237 patent.

*Id.* ¶¶ 16-17.

Merchant states that "[o]n at least one occasion, Defendant Leonard G. Anderson personally made payment to Plaintiff for legal services provided under the

[Retainer] Agreement," "[o]n at least a dozen occasions, GoldenCare USA, Inc. made" such payments, and "[u]pon information and belief, Mr. Anderson was the Chief Executive Officer of GoldenCare USA, Inc., at the time" the payments were made. *Id.* ¶¶ 13-14. Merchant claims this conduct "has created a joint liability [between Anderson and Stephenson] for the sums due to [Merchant] under [its Retainer] Agreement [with Stephenson]." *Id.* ¶ 18.

## DISCUSSION

### I. Rule 15 Standard

Under Federal Rule of Civil Procedure 15(a), a court should freely give leave to amend a complaint when justice so requires. The decision whether to grant leave to amend is entrusted to the sound discretion of the district court. *Niagara of Wis. Paper Corp. v. Paper Indus. Union–Mgmt. Pension Fund*, 800 F.2d 742, 749 (8th Cir. 1986). There is no absolute right to amend, and a court may deny the motion in circumstances such as when the amendment will cause or is the result of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in previous amendments, undue prejudice to the non-moving party, or futility. *Baptist Health v. Smith,* 477 F.3d 540, 544 (8th Cir. 2007).

"Denial of a motion for leave to amend on the basis of futility means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (internal quotation marks omitted). Thus, in assessing futility under Rule 15, all well-pleaded factual allegations in the proposed amended complaint must be accepted as true. *Butler v. Bank of Am., N.A.*, 690 F.3d

959, 961 (8th Cir. 2012). However, mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" need not be credited. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). The well-pleaded factual allegations must nudge the complaint over the line from the merely possible to the plausible. *See id.* (citing *Twombly*, 550 U.S. at 556-57). In determining whether a plaintiff has stated a plausible claim, the Court considers only the materials that are necessarily embraced by the pleadings and exhibits attached to the complaint. *Cox v. Mortgage Elect. Registration Sys., Inc.*, 685 F.3d 663, 668 (8th Cir. 2012); *see also Kushner v. Beverly Enterprises, Inc.*, 317 F.3d 820, 831 (8th Cir. 2003) (court may consider the complaint and documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading).

## II.     Analysis

### A.       The Retainer Agreement

Merchant's own allegations state that its written contract for legal services is only with Stephenson, not Anderson or any other person or entity. *See* Compl. ¶¶ 5-6 and Ex. B (signed Retainer Agreement)[1], Docket No. 1-1; PAC ¶¶ 5, 8-11 and Exs. B, C, D, Docket No. 69-1; *see also* Oct. 10, 2018 Order Denying Stephenson's Motion to Dismiss, at 2, 8 ("The language of the Retainer unambiguously names Stephenson as Merchant's client in the Infringement Matter."), Docket No. 22; Stephenson Decl. (June 26, 2018) ¶ 4 ("I entered into a retainer agreement with Merchant & Gould P.C. which is

---

[1] The signed Retainer Agreement is attached as Exhibit B to both the original complaint [Docket No. 1-1 at 18-23] and the proposed amended complaint [Docket No. 69-1 at 29-31, 35-37].

dated June 1, 2011, for legal services regarding a patent infringement matter venued in Oklahoma."), Docket No. 4.[2]

The Retainer Agreement is addressed only to Stephenson, is signed only by Stephenson, and identifies "you", i.e., Stephenson, as the "Client" in connection with patent infringement matters involving the '237 Patent. *See* Retainer Agreement at 1, 3, Compl. Ex. B, Docket No. 1-1. The "Standard Terms of Representation," which are expressly incorporated into the Retainer Agreement, state that it is the Client's responsibility to pay for the legal services and to "direct the strategic and management decisions affecting the subject matter of our representation." *Id.* at 2, 4-5. Neither Anderson nor any other person or entity is named or referred to in the Retainer Agreement.

Merchant nonetheless asserts that Anderson breached the Retainer Agreement by not paying Stephenson's legal fees. PAC ¶¶ 19, 25-26, Docket No. 69-1. It alleges the existence of a "joint venture or enterprise" between Stephenson and Anderson and that Merchant is a "third-party beneficiary." *Id.* ¶¶ 15-16, 40-42, 44-46, 48-51. Merchant does not claim there is any written joint venture agreement, or any other written agreement, between Stephenson and Anderson that identifies Merchant as an intended third-party beneficiary. Rather, it points to conduct, specifically, that Anderson and his company, GoldenCare USA, Inc., paid some of Stephenson's legal fees, that Anderson "participated in in-person meetings, telephone conferences, and email exchanges

---

[2] The issue of who is Merchant's client first arose when Stephenson unsuccessfully moved to dismiss this lawsuit for lack of personal jurisdiction over him. In opposing the present motion to amend, Stephenson again contends he is not Merchant's client and submits an earlier version of the retainer agreement that names Mega Internet Tournaments, LLC as the client, which he signed as manager of the LLC. *See* Stephenson Decl. (Mar. 21. 2019) ¶ 4 and Ex. A, Docket Nos. 49, 49-1.

relating to the federal lawsuits and appropriate strategy" and "in decisions relating to litigation strategy," and that Stephenson and Anderson intended to share in any recovery obtained as a result of the two patent lawsuits. *Id.* ¶¶ 12-17.

### B. Third-Party Beneficiary

"A nonparty becomes legally entitled to a benefit promised in a contract . . . only if the contracting parties so intend." *Syngenta Seeds, Inc. v. Bunge North America, Inc.*, 773 F.3d 58, 64 (8th Cir. 2014) (quoting *Astra USA, Inc. v. Santa Clara Cnty, Cal.*, 563 U.S. 110, 117 (2011)); *see also Hickman v. SAFECO Ins. Co. of Am.*, 695 N.W.2d 365, 369-70 (Minn. 2005) (third party may enforce a contract as an intended beneficiary if recognition of third-party beneficiary rights is "appropriate" and either the "duty owed" or "intent to benefit" test is met). Mere knowledge by the contracting parties that a third party would profit from their contract is not the same thing as their intending that he benefit from it. *See Hibbs v. K-Mart Corp.*, 870 F.2d 435, 441 (8th Cir. 1989) (landowner was not third-party beneficiary of sublease agreement).

Merchant has not pleaded facts to plausibly establish it was an intended beneficiary of any contract between Stephenson and Anderson. First, Merchant does not plead that there is any written contract between Stephenson and Anderson. Thus, there is no language for the Court to examine to determine whether it manifests an intent that Merchant be able to enforce the purported contract as a third-party beneficiary. *Cf. Hickman*, 695 N.W.2d at 370-71 (express language in insurance contract established the parties intended to give a borrower such as plaintiff, though not identified by name, the benefit of some of the promised insurance proceeds); *Nassar v. Chamoun*, Case A11-793, 2012 WL 426595, at *2 (Minn. Ct. App. Feb. 13, 2012)

7

(purchase agreement between homeowner and developer lacked "an express manifestation of intent, or anything else in the contract indicating intent to benefit neighboring homeowners" who therefore were "at best, incidental beneficiaries" and were precluded from enforcing the agreement).

Second, Merchant cites no caselaw in which a nonparty has enforced an oral contract as a third-party beneficiary. It presents no authority to guide the Court on how to infer contractual intent in the circumstances here. Merchant has not pleaded any statement, written or oral, by Stephenson or Anderson that expresses their intention to make Merchant a third-party beneficiary of a purported contract between them, thus making Anderson legally obligated to Merchant to pay the patent litigation fees. Instead, Merchant asserts that Anderson agreed to pay Stephenson's legal fees in return for a share in the profits of the litigation. By itself, however, that agreement is not sufficient to plead a plausible claim for third-party beneficiary. Though it establishes that Stephenson and Anderson intended to benefit each other, as to Merchant it merely establishes that Merchant would also benefit from the arrangement. *See Hibbs*, 870 F.2d at 441.

Merchant also appears to assert that the intent to benefit Merchant can be inferred from Stephenson's and Anderson's conduct in creating a joint venture or joint enterprise. But the failure to plead a plausible claim for intended third-party beneficiary cannot be cured by recasting the allegation as one for joint venture or joint enterprise. Nor has Merchant pleaded a plausible claim for joint venture or enterprise as a stand-alone cause of action (if there is such a thing) because its pleading fails to allege (other than conclusorily) the element of control that is critical to both doctrines.

### C.    Joint Enterprise and Joint Venture

Merchant alleges that Stephenson's and Anderson's "conduct has created a joint liability among them for the sums due to Plaintiff under the [Retainer] Agreement" [PAC ¶ 18] and purports to plead "causes of action" for Joint Venture and Joint Enterprise [*id.* ¶¶ 15-18, 39-46]. But neither doctrine is properly invoked here to hold Anderson "jointly and severally liable" for Stephenson's alleged breach of the Retainer Agreement that Anderson did not sign, that does not name Anderson as a third-party beneficiary, and that expressly disavows any obligation by Merchant to anyone but Stephenson.

A joint enterprise exists when (1) two or more persons have a mutual understanding for a common purpose, and (2) each has a right to a voice in the direction and control of the means used to carry out their common purpose. *Delgado v. Lomar,* 289 N.W.2d 479, 482 (Minn. 1979). A joint venture exists when two or more parties have a relationship that contains the following elements: (1) the parties must combine their money, property, time, or skill in a common undertaking, (2) each party must have ownership of the property involved in the venture and the mutual right of control over that property, (3) there must be an express or implied agreement to share profits but not necessarily losses, and (4) there must be a contract, either express or implied, showing that the parties in fact formed a joint venture. *Meyers v. Postal Finance Co.*, 278 N.W.2d 614, 617-18 (Minn. 1979) (citing *Rehnberg v. Minnesota Homes*, 52 N.W.2d 454, 457 (1952)).

Merchant alleges that the purpose of the joint venture or enterprise was to retain Merchant to pursue the two patent infringement lawsuits. PAC ¶¶ 40-42, 44. It states that Anderson (or his corporation) paid some of Stephenson's legal fees directly to

Merchant; that he participated in some meetings, emails, and telephone conferences regarding the two lawsuits, including litigation strategy and decision-making; and that he and Stephenson intended that Anderson share in any money recovered if the lawsuits were successful. *Id.* ¶¶ 12-17.

Merchant does not plead that it had an attorney-client relationship with Anderson. By its own allegation, Merchant knew Anderson not only paid some of its fees but also participated in decisions relating to litigation strategy. *Id.* ¶ 17. If Merchant had wanted Anderson to be legally liable for payment of fees, it could have protected itself by either revising its Retainer Agreement with Stephenson (which it had already done once) or by contracting directly with Anderson. It did neither. Instead, Merchant in essence seeks to impose on Anderson the rights and obligations of a client – to control the litigation and pay the legal fees – by asserting its "joint venture" and "joint enterprise" theories while also pleading the seemingly obvious fact that Stephenson alone was its client. But the tenets of contract law and the rules governing attorney-client relationships are not so easily evaded, nor are the requirements for a joint venture or enterprise so easily stretched to fit the circumstances here.

The fact that Anderson paid some of the legal fees or may have benefited from the legal services does not establish an attorney-client relationship or give Anderson the independent right to control litigation strategy or decision-making. *See McIntosh County Bank v. Dorsey & Whitney LLP,* 745 N.W.2d 538, 549 (Minn. 2008) (discussing contract theory of an attorney-client relationship). To the contrary, the Minnesota Rules of Professional Conduct are clear that a "lawyer shall not permit a person who . . . pays the lawyer to render legal services for another to direct or regulate the lawyer's

professional judgment in rendering such legal services." Minn. R. Prof. Conduct 5.4(c) ("Professional Independence of a Lawyer"); *see also* Rule 1.8(f) (third party's payment of client's legal fees shall not interfere with the lawyer-client relationship or the lawyer's professional judgment).

As a non-client, Anderson (or any third party) had no right to control the litigation. Merchant's Retainer Agreement with Stephenson states:

> As discussed, you will be our client in this matter, hereafter referred to as "you" or the "Client." You have agreed that **our representation of you in the matter described below does not give rise to a lawyer-client relationship between our firm and any other company**. . . . If, however, you enter an agreement with another company related to licensing or enforcement of the patent, please let us know.
>
> * * *
>
> **Standard Terms of Representation**
>
> . . . Unless modified in writing by mutual agreement, these terms will be an integral part of our agreement with you. . . .
>
> * * *
>
> **Client Responsibilities. You agree to pay our statements for services** and expenses as provided below. . . . **You also will assist us by making business, strategic, and technical decisions** appropriate to enable completion of the work and performance of the services, and **will direct the strategic and management decisions affecting the subject matter of our representation**. . . .
>
> * * *
>
> **Insurance Coverage.** If the services we are engaged to perform relate to the defense of your intellectual property rights, your CGL or other liability insurance may provide some reimbursement for the associated legal fees. . . . It is **your responsibility to pay the firm for services** rendered and to obtain reimbursement from the insurer.
>
> **Payment of Statements.** . . . If any statement remains unpaid for more than 90 days, we may suspend performing services for you . . . and [] assess interest . . . for any unpaid balance. . . .

\* \* \*

**Termination of Engagement.** . . . Such termination shall not, however, relieve **you of the obligation to pay for all services** already rendered . . . .

Retainer Agreement at 1, 4-6 (emphasis added), Docket No. 1-1.

Whether Stephenson acquiesced to Anderson's influence, heeded his advice, or deferred to his judgment regarding the litigation does not change the fact that, under the facts pleaded by Merchant, including the Retainer Agreement attached to its pleading, Anderson did not have the *legal right* to control the "strategic and management decisions affecting the subject matter of [Merchant's] representation" in the two patent lawsuits. Merchant has not pleaded any plausible contract-based claims against Anderson.

Merchant's allegations of "joint venture" and "joint enterprise" regarding the conduct of Anderson and Stephenson do not save its proposed amendment. Given that the purported joint venture or enterprise was the litigation itself, Merchant's factual allegations fail to satisfy the element of "control" that is required for both doctrines. *See Dorsey & Whitney LLP v. Grossman,* 749 N.W.2d 409, 416 (Minn. Ct. App. 2008) (exercise of substantial influence over decisions does not amount to joint control for purposes of joint venture analysis); *Goodbye Vanilla, LLC v. Aimia Proprietary Loyalty U.S. Inc.,* 304 F. Supp. 3d 815, 822-24 (D. Minn. 2018) (applying Minnesota law) (no joint venture where plaintiff did not identify facts to show defendant had authority to make independent decisions about the endeavor or exercise control over it). The allegations also fail to satisfy the joint venture requirement that each party must own the property in the venture and have mutual right of control of it. Here, the property or

subject matter of the purported venture is the patent and the patent infringement litigation, and the PAC clearly states that Stephenson owns the patent and was the sole plaintiff in the two lawsuits.

Though the control element of "joint enterprise" is worded differently than the control element of a "joint venture," the end result is the same. In the context of joint enterprise the element is described as "a right to a voice in the direction and control of the means used to carry out the common purpose." *See Delgado*, 289 N.W.2d at 482. Simply stated, even if both Stephenson and Merchant allowed Anderson to voice opinions regarding the direction and control of the litigation, the fact remains that Anderson was not a client of the firm. As such, he had no *right* to any voice in the direction or control of the litigation. Merchant's Retainer Agreement reflects its awareness that its duty extends only to its client and not to third parties, even those who may provide funds for the litigation. As the Retainer Agreement makes clear, if Stephenson and Anderson had disagreed over the course of the litigation, only Stephenson had the right to control and direct the litigation. Without an independent right to control the venture or enterprise, this control element is not met.[3]

Other courts have rejected "joint venture" arguments in analogous cases involving payment disputes between contracting parties. For example, in *Ringier v. Land O'Lakes, Inc.* the Eighth Circuit held that the plaintiff printer, which contracted with a publisher to provide printing services, failed to establish the existence of a joint venture between the publisher and its customer, and the printer could not recover from the

---

[3] Nor has Merchant alleged any facts (much less identified any writing) to establish that Stephenson gave Anderson a contractual right to a voice in the control of the litigation. The mere fact that Anderson paid some fees is not sufficient, as that may only have been the *quid pro quo* for a share in the profits of litigation controlled by Stephenson.

customer the publisher's debt owed to the plaintiff for printing services. 106 F.3d 825, 827-29 (8th Cir. 1997) (applying Minnesota law). The fact that the publisher received a share of the customer's profits as part of its publishing fee, that the customer made a direct payment to the printer, and that the customer benefited from the printing services did not create a joint venture in the particular facts of that case. *Id.* at 828-29. In a reverse scenario, the Minnesota Court of Appeals in *Dorsey & Whitney LLP v. Grossman* rejected a "joint venture" theory asserted by clients who failed to pay legal fees to their patent lawyers. There, the clients appealed money judgments against them by arguing that their relationship with the law firm was a joint venture not subject to the attorney-lien statute. 749 N.W.2d at 415-17. Though not identical to those cases, the facts pleaded by Merchant here also fail to establish a joint venture or joint enterprise between Anderson and Stephenson that would support making Anderson liable to Merchant for payment of Stephenson's legal fees.

## III.    Conclusion

Merchant has not pleaded facts sufficient to state a plausible claim that it is an intended third-party beneficiary of any contract between Stephenson and Anderson. Merchant's joint venture and joint enterprise theories fail, as Anderson was not its client, did not own the patent, and had no legal right to control Merchant's handling of the two patent lawsuits. In addition, the Court notes that Merchant has not made any argument that specifically relates to adding Anderson to its existing claim against Stephenson for "unjust enrichment." Therefore, Merchant's proposed amended complaint is denied as futile.

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Amend its Complaint [Docket No. 66] is DENIED.

Dated:  August 28, 2019

*s/ David T. Schultz*
DAVID T. SCHULTZ
United States Magistrate Judge